IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDWARD L. McNEIL** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 13-cv-01473-WDQ |
| **LOYOLA UNIVERSITY MARYLAND,** *et al.* | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFF'S REQUEST TO FILE SURREPLY

Defendants Loyola University Maryland, Inc., Timothy Fox, and Jocelyn Kelly oppose Plaintiff's request to file a surreply (Document No. 12). There is no basis for Plaintiff's request and it should be denied.

Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. Local Rule 105.2(a). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citation omitted). A request to file a surreply should be denied where the plaintiff's proposed surreply seeks to re-open briefing on issues raised in the defendant's motion or does not attempt to address matters presented for the first time in the defendant's reply. *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008).

Because Defendants did not present any new matters in their Reply (Document No. 10), Plaintiff merely is requesting to re-open briefing on issues raised in Defendants' Motion to Dismiss.  Plaintiff asserts that he wants to respond to the arguments in Defendants' Reply that "Plaintiff's claims of discrimination and constructive discharge fail as a matter of law," that "nearly all of Plaintiff's allegations are time barred" because "the alleged events occurred more than 300 days before Plaintiff filed a charge with the EEOC," and that "Plaintiff's Response merely reconfirms that his Complaint— a jumble of allegations of discrete perceived workplace slights— fails to set forth any viable claim of discrimination or constructive discharge." Pl.'s Surreply at p. 1.  But all of these arguments expressly were raised in Defendants' Motion to Dismiss.  Defs.' Mem. in Supp. of Mot. to Dismiss (Document No. 5-1) at pp. 7-8 (explaining that Plaintiff's claim of constructive discharge and discrimination fails as a matter of law), pp. 9-10 (explaining that nearly all of Plaintiff's allegations are time barred as a matter of law), and pp. 10-13 (explaining that Plaintiff's claim of age discrimination and harassment fails as a matter of law).  In their Reply, Defendants responded to the arguments raised by Plaintiff in his Response to Defendants' Motion (Document No. 9) and did not present any new matters.  Thus, a surreply here is inappropriate and Plaintiff's request to file a surreply should be denied.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

/s/ Brian Tucker
Brian T. Tucker, Federal Bar # 27485
E-mail: btucker@gejlaw.com
Steven G. Metzger, Federal Bar #28492
E-mail: smetzger@gejlaw.com
218 N. Charles Street, Suite 400
Baltimore MD  21201
Telephone: 410.727.7702 / Fax: 410.468.2786
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of October, 2013, a copy of Defendants' Opposition to Plaintiff's Request to File Surreply was electronically filed and served via first class mail to Plaintiff as follows:

Mr. Edward McNeil
1304 Bonaparte Avenue
Baltimore, MD 21218

/s/ Brian Tucker
Brian T. Tucker, Federal Bar # 27485
E-mail: btucker@gejlaw.com
Steven G. Metzger, Federal Bar #28492
E-mail: smetzger@gejlaw.com
218 N. Charles Street, Suite 400
Baltimore MD  21201
Telephone: 410.727.7702 / Fax: 410.468.2786
*Attorneys for Defendants*